UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VESTAGEN PROTECTIVE
TECHNOLOGIES, INC. f/k/a VESTAGEN
TECHNICAL TEXTILES, INC.

      Plaintiff,

v.

EDWARD JAMES BEYER and
STRATEGIC PARTNERS, INC.,

      Defendants.

CASE No. 6:17-cv-494-Orl-40KRS

**DEFENDANTS' JOINT MOTION FOR TEMPORARY STAY OF DISCOVERY
AND PROTECTIVE ORDER OR, ALTERNATIVELY, MOTION FOR
EXTENSION OF TIME AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Strategic Partners, Inc. ("SPI"), by counsel and pursuant to Federal Rule of Civil Procedure 26(c), moves this Court for the entry of an Order temporarily staying all discovery in this action or, alternatively, granting an extension of time in which the parties may begin to engage in discovery until after the Court's resolution of the following motions:

- SPI's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 to the United States District Court for the Central District of California (ECF No. 7)

- Vestagen's Motion to Remand to State Court (ECF No. 16)

- SPI's Motion to Dismiss the Complaint or in the Alternative, Transfer to the United States District Court for the Central District of California (ECF No. 34)

- Defendant, Edward James Beyer's ("Beyer") Motion to Dismiss the Complaint or Alternatively Transfer to the United States District Court for the Central District of California or the United States District Court for the Central District of Tennessee (ECF No. 39)

(the "Pending Motions"). A stay of discovery or, alternatively, an extension of time, is necessary to promote judicial efficiency and eliminate undue burden on the Court and the parties arising

29578390 v2

out of discovery that may be obviated by the Court's disposition of any of the above motions.

## BACKGROUND

Plaintiff, Vestagen Protective Technologies, Inc. ("Vestagen" or "Plaintiff"), filed this action on February 24, 2017 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2017-CA-001781-O, Division 33 (the "Florida Litigation"). In its complaint, Vestagen alleges that defendant, Beyer, breached his employment agreement by accepting employment with SPI, and further by allegedly disclosing Vestagen's confidential information to SPI ("Complaint"). Vestagen further alleges that SPI used the confidential information as "part of a larger scheme to unlawfully obtain and use Vestagen's confidential information to obtain an unfair advantage in the market place." (ECF No. 2, ¶ 23). Based on these unsubstantiated claims, Vestagen alleges, among other things, that SPI has tortiously interfered with Vestagen's contractual relations and committed civil conspiracy with Beyer (Counts Two and Three).

On March 17, 2017, SPI filed a Notice of Removal, thereby removing the Florida Litigation to this Court (ECF No. 1). On March 24, 2017, SPI filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 to the United States District Court for the Central District of California (ECF No. 7), where litigation between Vestagen and SPI is currently pending ("Motion to Transfer"). The California litigation is styled *Strategic Partners, Inc. v. Vestagen Protective Technologies, Inc.*, Case No. 2:16-cv-05900 (the "California Litigation"). The matters at issue in the California Litigation are substantively identical to the matters raised by Vestagen in this action.

On April 1, 2017, Vestagen filed a Motion to Remand to State Court arguing that this Court lacks subject matter jurisdiction to decide this case ("Motion to Remand") (ECF No. 16).

On April 7, 2017, SPI filed its Motion to Dismiss the Complaint or in the Alternative, Transfer to the United States District Court for the Central District of California ("SPI's Motion to Dismiss") (ECF No. 34). As with its Motion to Transfer, SPI's Motion to Dismiss is based, in part, on the previously filed California Litigation.

On April 14, 2017, Beyer filed his Motion to Dismiss the Complaint or Alternatively Transfer to the United States District Court for the Central District of California or the United States District Court for the Central District of Tennessee ("Beyer's Motion to Dismiss") (ECF No. 39). Beyer's Motion to Dismiss is based, in part, on the California Litigation, and it is also based on litigation already pending in the United States District Court Middle District of Tennessee, Nashville Division. The Case is styled *Beyer v. Vestagen Protective Services, Inc.*, Case No. 3:16-cv-02736 (the "Tennessee Litigation"). At issue in the Tennessee Litigation is Beyer's employment agreement with Vestagen and Vestagen's alleged breach of that agreement. The Tennessee Litigation is set for trial in November, 2017.

The Court's ruling on any of the Pending Motions could bring the Florida Litigation to a halt and obviate the need for discovery in this action. Defendants' Motions to Dismiss raise dispositive issues, and both the Motion to Remand and Motion to Transfer could potentially remove the case from this Court. Discovery in this action at this time would therefore be premature, economically wasteful, and as described below unfairly prejudicial to defendants. SPI therefore respectfully requests the Court extend the time in which the parties are required to engage in discovery or, alternatively, temporarily stay all discovery until this Court's ruling on the Pending Motions.

**MEMORANDUM OF LAW**

A. **Argument and Citation of Authority.**

Trial courts have broad inherent power to stay discovery until preliminary issues can be resolved which may be dispositive of some important aspect of the case. *Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987); *see also Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D.Fla.1997) (holding that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., and the moving party bears the burden of showing good cause and reasonableness") (citing *Howard v. Galesi,* 107 F.R.D. 348 (S.D.N.Y.1985)).

Federal Rule of Civil Procedure 26(c)(1) permits the Court to seek a protective order and stay discovery "for good cause" in order to "protect a party or person from annoyance" and/or to avoid "undue burden or expense." Fed. R.Civ.P. 26(c). Courts have held that good cause exists where a potentially dispositive motion is pending, discovery is not necessary to defend against the pending motion, and "there appears to be an immediate and clear possibility that [the motion] will be granted." *Feldman*, 176 F.R.D. at. 652; *see also Patterson v. U.S. postal Serv.*, 901 F. 2d 927, 929 (11th Cir. 1990) (finding that district court did not abuse its discretion in granting stay of discovery during the pendency of potentially dispositive motion to dismiss or for summary judgment because "the district court had sufficient information before it upon which to rule, and …further discovery was not likely to produce a genuine issue of material fact."); *Hovermale v. School Bd. Of Hillsborough County*, 128 F.R.D. 287, 288-89 (M.D. Fla. 1989) (holding that "a stay of discovery may be proper if it appears that the discovery sought does not help plaintiff raise a factual issue" to defend against a pending motion); *Spencer Trask Software & Info. Serv., LLC v. Rpost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D. N.Y. 2002) (explaining that good cause for

discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party).

As discussed below, each of the Pending Motions before the Court has the potential to render the discovery sought by Plaintiff in this action entirely moot.  Accordingly, extending the time in which parties are required to engage in discovery, or temporarily staying discovery, serves the ends of justice by reducing the attorneys' fees and administrative burden associated with conducting discovery in this matter.

### B. The Pending Motions Require a Stay of Discovery Until the Court Rules on the Motions.

Vestagen's Motion to Remand challenges this Court's subject matter jurisdiction.  Given its uncertainty, Plaintiff, itself, requested this Court to defer the filing deadline for its oppositions to multiple motions filed by defendants (i.e., Defendants' Motion to Dismiss and the Motion to Transfer) <u>until the Motion to Remand was decided</u>; relief which this Court granted.  Defendants seek nothing different; namely, promoting judicial economy and avoiding wasteful discovery efforts until the Court determines the merits of Plaintiff's own motion.

Additionally, SPI has moved to dismiss Vestagen's Complaint on the basis that this lawsuit involves near-identical parties and issues as those in the California Litigation.  SPI therefore asks this Court to decline to assert jurisdiction under the First Filed Doctrine.  In the alternative, and on the same basis, SPI seeks transfer of this action in its Motion to Transfer.  Significantly, discovery on the very issues raised in this action is currently ongoing in the California Lawsuit, and any discovery in the Florida Litigation would be duplicative, would abuse the discovery process, and is unnecessary.

Like SPI, Beyer has also moved to dismiss Vestagen's Complaint on the basis that this lawsuit is identical to Vestagen's counterclaim filed in the California Litigation.  Beyer also

argues that the matters at issue in the Florida Litigation are similar to the claims and defenses raised in the Tennessee Litigation.  As such, Beyer has also requested that this Court decline to assert jurisdiction under the First Filed Doctrine.  In the alternative, Beyer has requested this Court transfer this action to the United States District Court for the Central District of California or the United States District Court for the Central District of Tennessee.  Again, because discovery is currently ongoing in the Tennessee Litigation on the very issues raised between the same parties in this action, and the Tennessee Litigation is set for trial in November, 2017, any discovery in this action is unwarranted.

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997) (footnote omitted).  Although a pending motion such as a motion to dismiss is not a license to stay discovery in every instance, the Court should review the facts of the case and weigh the harm produced by delaying discovery against the possibility that the motion will be granted – thereby entirely eliminating a need for discovery.  *Latell v. Triano*, No. 2:13-CV-565-FTM-29CM, 2014 WL 5822663, at *1 (M.D. Fla. Feb. 28, 2014).  In *Chudasama*, the court reasoned:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.

*Id.* at 1368.  Thus, when a motion to dismiss is pending, or in this case, Motions to Dismiss, a Motion to Transfer, and a Motion to Remand filed by Vestagen itself, discovery should be stayed to avoid the unnecessary costs of litigating claims that could be dismissed or narrowed through amendment. *See id.*

Because each of the Pending Motions has the potential to remove the Florida Litigation from this Court altogether, including dismissal of the action, SPI requests that the Court extend the time in which the parties are to begin discovery, or temporarily stay discovery, as discovery in this action would prove premature and cause undue expense and burden on the parties.

C. **Immediate Discovery Would Be Unfairly Burdensome and Prejudicial to Defendants and a Stay Would Not Harm Vestagen.**

Despite Vestagen moving for remand and contending that this Court lacks jurisdiction, Vestagen has aggressively pursued this action in this Court, including aggressively pursuing discovery, repeatedly seeking this Court's intervention with discovery motions, and asking this Court to set a hearing on its motion for preliminary injunction. Immediate discovery in this action, however, would be unfairly burdensome and prejudicial. For example, counsel for Vestagen has demanded dates within three weeks for the depositions of party witnesses. Two of these witnesses include SPI's California-based Chief Executive Officer and California-based Executive Vice President. Vestagen has not attempted to make any showing regarding the requisite need for such executive witnesses. Nevertheless, discovery in the California Litigation is ongoing, and the depositions of witnesses with information regarding the issues pending between the parties are being scheduled and taking place in that action. Requiring the parties to engage in discovery in this action before ruling on the Pending Motions would therefore be unduly burdensome, duplicative, and would impose unnecessary costs on all parties.

On the other hand, Vestagen would not suffer harm if discovery were stayed in this action. Any delay is likely to be short, and Vestagen is currently conducting discovery on its claims in both the California Litigation and the Tennessee Litigation including, but not limited to, deposing individuals and engaging in discovery regarding identical issues raised in this action. As addressed in SPI's opposition to Vestagen's motion for a preliminary injunction (ECF

No. 51), Vestagen ostensibly seeks immediate discovery to "fish" for evidence it does not currently possess for its unsubstantiated claims. But a fishing expedition to assist a complaint and motion practice that lacks evidence is not a legitimate ground for immediate discovery in any case. *See Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229 at *5 (S.D. Fla. 2010) ("District courts need not condone the use of discovery to engage in 'fishing expedition[s].'"). Moreover, as Plaintiff has itself recognized, requested, and sought, an order staying (or deferring) case activities pending a determination of some or all of the Pending Motions is appropriate.

An extension of time or stay of discovery is uniquely appropriate in this matter. Not only would discovery in this case be unfairly burdensome and prejudicial because discovery can and is already taking place in the California Litigation and Tennessee Litigation, SPI submits that dismissal and/or transfer are reasonably likely given the similarities between the parties and issues in the three federal lawsuits.[1] Vestagen itself is advocating for remand on the basis that this Court lacks jurisdiction. As such, the prospect for conducting expedited discovery under the Federal Rules of Civil Procedure in connection with an action that Plaintiff itself claims does not belong in federal court is impractical and wasteful.

Neither the parties nor the Court have any need for discovery before the Court rules on the Pending Motions. Among other things, Defendants' Motions to Dismiss present a facial challenge to the legal sufficiency of Vestagen's claims and could result in the dismissal of the entire action. *Chudasama*, 123 F. 3d at 1367. Accordingly, the Court should extend the time or stay discovery pending the Court's decision on the Pending Motions.

---

[1] In addition to having the same parties and issues involved in the three federal lawsuits, Vestagen has the same highly-regarded law firm representing it in each of the three federal actions.

## CONCLUSION

For all of the foregoing reasons, SPI respectfully requests that this Court temporarily stay all discovery or, alternatively, grant an extension of time in which the parties can begin to engage in discovery, until this Court renders its decisions on the Pending Motions. SPI recognizes and understands that the Court has some reservation about indefinite extensions of deadlines because those could tax a Court's ability to effectively manage the case and its docket. Thus, if the Court is reluctant to grant an extension of time or stay discovery until after the Court rules on the Pending Motions, SPI respectfully suggests that the Court extend or stay the time in which the parties are to engage in discovery until sixty (60) days after the Court rules on this motion.

## CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned has conferred with counsel for Plaintiff regarding the relief sought in this motion. Plaintiff objects to the Court granting the relief requested herein.

Respectfully submitted this 26th day of April, 2017.

| | |
|---|---|
| **BURR & FORMAN LLP** | **SIVYER BARLOW & WATSON, P.A.** |
| 201 N. Franklin Street, Suite 3200 | 401 E. Jackson St., Suite 2225 |
| Tampa, Florida 33602 | Tampa, Florida 33602 |
| (813) 221-2626 (telephone) | (813) 221-4242 (telephone) |
| (813) 221-7335 (facsimile) | (813) 227-8598 (facsimile) |
| | |
| /s/ *John A. Schifino* | Mahlon Barlow, Esq. |
| John A. Schifino, Esq. | Florida Bar No. 0871117 |
| Florida Bar No. 72321 | Edward Kuchinski, Esq. |
| jschifino@burr.com | Florida Bar No. 796964 |
| Secondary: ccook@burr.com | 401 E. Jackson St., Suite 2225 |
| Alexandra H. Palermo, Esq. | Tampa, Florida 33602 |
| Florida Bar No. 98524 | (813) 221-4242 (telephone) |
| apalermo@burr.com | (813) 227-8598 (facsimile) |
| Secondary: dwhite@burr.com | |
| 201 N. Franklin Street, Suite 3200 | **Attorneys for Defendant Edward James** |
| Tampa, Florida 33602 | **Beyer** |
| (813) 221-2626 (telephone) | |
| (813) 221-7335 (facsimile) | |

**MICHELMAN & ROBINSON, LLP**
David C. Lee, Esq. (admitted pro hac vice)
Taylor C. Foss, Esq. (admitted pro hac vice)
One Post Street, Suite 2500
San Francisco, CA 94104
dlee@mrllp.com
tfoss@mrllp.com

**Attorneys for Defendant Strategic Partners, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of April, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Kevin D. Zwetsch, Esq.
William Cantrell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 N. Tampa Street, Suite 3600
Tampa, Florida 33602
Kevin.zwetsch@ogletree.com
William.cantrell@ogletree.com
Elba.chinea@ogletree.com
*Attorneys for Plaintiff*

                                            /s/ *John A. Schifino*
                                            Attorney