UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VESTAGEN PROTECTIVE
TECHNOLOGIES, INC. f/k/a VESTAGEN
TECHNICAL TEXTILES, INC.

CASE NO. 6:17-cv-494-Orl-40KRS

    Plaintiff,

v.

EDWARD JAMES BEYER AND
STRATEGIC PARTNERS, INC.

    Defendants.
_____/

**DEFENDANT BEYER'S ANSWER TO VERIFIED COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant, Edward James Beyer ("**Beyer**"), answers the Verified Complaint for Injunctive and Other Relief of Plaintiff, Vestagen Protective Technologies, Inc. ("**Vestagen**"), by like numbered paragraphs as follows:

**JURISDICTION AND VENUE**

    1.    Admitted for jurisdictional purposes only.

    2.    Denied.

    3.    Denied.

    4.    Admitted.

    5.    Admitted.

6. Admitted that SPI is a California corporation with its principal place of business in California. Admitted that SPI and Vestagen both participate in the manufacturing and marketing of garments for health care workers. Otherwise, denied.

## VESTAGEN'S BUSINESS

7. Without knowledge.

8. Without knowledge.

9. Without knowledge.

10. Without knowledge.

11. Denied.

## RESTRICTIVE CONVENANTS

12. Admitted except that Vestagen hired Beyer on January 4, 2016.

13. Admitted as to Franklin, Tennessee; denied as to Orlando, Florida.

14. Admitted that Beyer developed relationships with some existing Vestagen customers while employed by Vestagen; otherwise denied.

15. Denied.

16. Admitted that Beyer signed the Agreement attached as **Exhibit A** to the Complaint which speaks for itself; otherwise denied.

17. The Agreement speaks for itself.

18. The Agreement speaks for itself.

19. Denied.

20. Admitted that Vestagen terminated Beyer without notice and without cause in September 2016, and thereby breached employment contract between Vestagen and Beyer.

## ALLEGED UNLAWFUL ACTS

21. Without knowledge as to Vestagen's state of mind.

22. Denied.

23. Denied.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Denied.

30. Admitted that SPI and Vestagen are engaged in litigation in the U.S. District Court, Central District of California; otherwise denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge as to SPI's knowledge; otherwise denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted that Vestagen has retained Ogletree, Deakins, Nash, Smoak & Stewart, P.C.to represent it in this action. Otherwise, without knowledge.

## COUNT I
## Breach of Contract
## (Against Beyer)

47. Beyer re-states his responses to paragraphs 1-46.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Without knowledge.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT II
## Tortious Interference with Contractual Relations
### (Against SPI)

63. This claim against SPI and Beyer is not required to respond.

64. This claim against SPI and Beyer is not required to respond.

65. This claim against SPI and Beyer is not required to respond.

66. This claim against SPI and Beyer is not required to respond.

67. This claim against SPI and Beyer is not required to respond.

68. This claim against SPI and Beyer is not required to respond.

69. This claim against SPI and Beyer is not required to respond.

70. This claim against SPI and Beyer is not required to respond.

71. This claim against SPI and Beyer is not required to respond.

72. This claim against SPI and Beyer is not required to respond.

## COUNT II
## Civil Conspiracy
### (Against all Defendants)

73. Beyer re-states his responses to paragraphs 1-46.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

5

81. Denied.

82. Denied.

**DEFENSES**

In the alternative and without assuming the burden of proof unless required by law, Beyer asserts the following defenses:

1. Vestagen's claims are barred because Vestagen first breached the employment contract between Vestagen and Beyer. On or about November 23, 2015, Vestagen and Beyer entered into the employment contract attached hereto as **Exhibit 1**. The restrictive covenants upon which Vestagen's bases this claim and the employment contract are dependent covenants. The attached employment contract states, "As a condition precedent to your employment, you will be required to sign Vestagen's standard Employee Confidentiality and Non-Competition & Solicitation Agreement." Vestagen terminated Beyer without notice and without cause. Vestagen breached the employment contract between Vestagen and Beyer by terminating him without cause and failing to pay Beyer $112,000.00 in required severance payments and other benefits. To the extent that Vestagen claims it terminated Beyer for cause, it breached the employment contract by failing to provide required notice and an opportunity to cure. The restrictive covenants are therefore unenforceable.

2. The restrictive covenants are not justified by legitimate business interests.

3. The action should be transferred to the United States District Court for the Central District of California or the Middle District of Tennessee (Nashville Division).

4. Vestagen's claims are barred by the doctrine of unclean hands pursuant to Section 542.335(g)(3).

5. Beyer has not provided customer lists or technical information to SPI.

6. SPI is refraining from manufacturing any "Technical Garments" containing Vestex fabric during the Restrictive Period (meaning one year from the date of Beyer's termination from Vestagen or September 2017).

7. SPI is refraining from licensing the same technology as that which Vestagen licenses in order to create Vestex fabric during the Restrictive Period.

8. SPI has excluded Beyer from all activities (including technical research development and sales activities) related to SPI's Technical Garments. This separation shall continue through the conclusion of the Restrictive Period.

9. SPI has stated it does not oppose entry of a limited injunction as set forth in its proposed order.

10. For all foregoing reasons and others, Vestagen is not entitled to injunctive relief against Beyer or damages.

## DEMAND FOR JURY TRIAL

Beyer demands trial by jury of all issues so triable.

## DEMAND FOR ATTORNEY FEES

Beyer is entitled to an award of attorney fees pursuant to the Agreement and Section 542.335(k), *Florida Statutes*.

WHEREFORE, Beyer requests that the Court deny SPI's claims for injunctive relief, dismiss SPI's claims with prejudice, award Beyer his costs, expenses and attorney fees, and grant all other relief the Court deems just and proper.

s/ Edward Kuchinski
Mahlon Barlow, FBN. 0871117
mbarlow@sbwlegal.com
Edward Kuchinski, FBN. 796964
ekuchinski@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
*Attorneys for Edward James Beyer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2017 I electronically filed the foregoing with the Clerk of the Court pursuant to Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle District of Florida by using the CM/ECF system and that a true and correct copy of the foregoing was served via email as follows:

Kevin Zwetsch, Esq.
Kevin.zwetsch@ogletreedeakins.com
Ina Crawford, Esq.
Ina.crawford@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 N. Tampa Street, Ste. 3600
Tampa, FL 33602

John A. Schifino, Esq.
jschifino@burr.com
ccook@burr.com
Alexandra Haddad Palmero, Esq.
ahaddad@burr.com
Burr & Forman, LLP
201 N. Franklin Street, Ste. 3200
Tampa, FL 33602

Seth E. Darmstadter, Esq.
(Admitted *Pro Hac Vice*)
sdarmstadter@mrllp.com
Mona Z. Hanna, Esq.
mhanna@mrllp.com
(Admitted *Pro Hac Vice*)
Michelmann & Robinson, LLP

17900 Von Karman Ave., Ste. 1000
Irvine, CA 92614

                                                     s/ Edward Kuchinski
                                                   Attorney

# VESTAGEN

November 23, 2015

Jim Beyer
9204 Cline Court
Franklin, TN 37067



EXHIBIT 1

Dear Jim:

I am pleased to confirm the offer extended to you to join Vestagen Technical Textiles, Inc. ("Vestagen" or the "Company") in the position of Senior Vice President of Sales reporting to the Chief Executive Officer. In this role, you will be responsible for all the direct sales activities of the company, its sales force and office support. You will be a member of the senior executive team leading Vestagen's success. The purpose of this letter is to set forth our understanding of the terms of your employment with Vestagen, including your job responsibilities and compensation.

Your employment will begin no later than Monday, January 4, 2015. In addition, you may be asked to attend various meetings, including meetings of the Board, before your employment begins. I am confident that your leadership will make a tangible, measurable and beneficial contribution to our success. It is important that you are inspired to remain with the company over time, and to focus your energies on successfully and efficiently contributing to the Vestagen goals.

This is a full-time position, and your principal location of employment will be your home office Franklin, TN. However, it is expected that, on a monthly basis, you will work at least 50% of the time from Vestagen's corporate headquarters in Orlando, Florida.

### Compensation

You will be paid a salary of $225,000 annually, paid on a monthly basis according to the Company's payroll schedule. Your target annual bonus will be 40% of your base salary and will be based 50% on revenue and 50% on personal and corporate objectives The bonus (if any) will be awarded based on objective or subjective criteria mutually agreed on between you and the Board prior to January 31st of the applicable year. Any bonus will be paid within 2½ months following the end of the year in which it is earned, but only if you are still employed by Vestagen on December 31st of the year for which it was earned. All bonus determinations and actual payments are determined at the sole discretion of the Board. Upon the completion of the Series B financing greater than $8 m, you will be awarded a one-time bonus of $5,000.

### Long term Compensation

In accordance with the Vestagen employee stock option plan of 2013 (the "Plan"), you will be granted an option to purchase 306,939 shares of Vestagen's common stock (the "Option"), which number equals 1.25% of Vestagen's fully-diluted capitalization as of the date of this offer. The Option will be subject to a four-year vesting schedule (25% of the Option shares will vest on the first anniversary of your commencement of employment with Vestagen and an additional 1/48th of the Option shares will vest on the last day of each month thereafter), as outlined in the Plan and the option notice pursuant to which the Option is granted. Upon the successful completion of a Series B financing, you will be eligible for an

# VESTAGEN

additional option grant to purchase 153,470 shares of Vestagen's common stock (the "Series B Option"). The Board may award additional options from time to time.

In the event Vestagen enters into a bona fide mutually accepted and signed binding term sheet pursuant to which a Change of Control of Vestagen is anticipated before your service with Vestagen terminates, the Option and, to the extent then granted, the Series B Option, shall accelerate and vest in full.

### Severance
In the event you are subject to an Involuntary Termination, you will be eligible for severance pay including (i) a lump sum in cash equal to 6 months of your base salary; and (ii) 3 months continued payment of your medical premium.

### Definitions
The following terms shall have the meanings set forth below wherever they are used in this offer:

"Cause" means (a) your unauthorized use or disclosure of Vestagen's confidential information or trade secrets, which use or disclosure causes material harm to Vestagen, (b) your material breach of any agreement between you and Vestagen that could reasonably be expected to result in material harm to Vestagen, (c) your material failure to comply with Vestagen's written policies or rules that could reasonably be expected to result in material harm to Vestagen, (d) your conviction of, or your plea of "guilty" or "no contest" to, a felony under the laws of the United States or any State, (e) your gross negligence in the scope of your employment that could reasonably be expected to result in material harm to Vestagen, (f) your willful misconduct in the scope of your employment, (g) your continuing failure to perform assigned duties after receiving written notification of the failure from the Board or (h) your material failure to cooperate in good faith with a governmental or internal investigation of Vestagen or its directors, officers or employees, if Vestagen has requested your cooperation; provided that, other than with respect to clauses (a) and (d), grounds for "Cause" shall not exist unless Vestagen provides notice to you of such condition and you fail to cure such condition within ten business days following your receipt of such notice.

"Change of Control" means (a) the consummation of a merger or consolidation of Vestagen with or into another entity or (b) the sale of substantially all of the equity or assets of Vestagen.

"Involuntary Termination" means either (a) your Termination Without Cause or (b) your Resignation for Good Reason.

"Resignation for Good Reason" means a Separation as a result of your resignation within 12 months after one of the following conditions has come into existence without your consent:

1. A material diminution of your base salary;

2. A material diminution of your authority, duties or responsibilities

# VESTAGEN

A Resignation for Good Reason will not be deemed to have occurred unless you give Vestagen written notice of the condition within 90 days after the condition comes into existence and Vestagen fails to remedy the condition within 30 days after receiving your written notice.

"Separation" means a "separation from service," as defined in the regulations under Section 409A of Internal Revenue Code of 1986, as amended.

"Termination Without Cause" means a Separation as a result of a termination of your employment by Vestagen without Cause, provided you are willing and able to continue performing services within the meaning of Treasury Regulation 1.409A-1(n)(1).

### Policies and Benefits
As an employee of Vestagen, you will be provided with a copy of the Employee Handbook, which outlines our personnel policies and programs. Any questions regarding the company policies, benefits administration or eligibility should be directed to Human Resources. You will receive benefits, as summarized by the Vestagen benefits highlights, which includes, but is not limited to, health and dental insurance. You will also be eligible to receive 18 days per year in paid time off (PTO). The company requires that you take your annual PTO as there is no banking or carryover of accrued PTO.

The company will pay 100% of the medical premiums for yourself, your spouse and any qualified dependents you may have under our current benefits policy. The Company reserves the right to change its benefits policies at any point in time.

### At-Will Employment
Notwithstanding anything else here to the contrary, if you choose to accept this offer, please understand that your employment is "at-will," voluntarily entered into and is for no specific time period. As a result, you are free to resign at any time, for any reason or for no reason. Similarly, the company is free to conclude its at-will employment relationship with you at any time, with or without cause.

### Confidentiality & Authorization to Work
As a condition precedent to your employment, you will be required to sign Vestagen's standard Employee Confidentiality and Non-Competition & Solicitation Agreement. You should also note that you will be required to show proof of citizenship, permanent residency in the U.S., or authorization to work in the U.S. within three business days of your date of hire.

### Acceptance
To indicate acceptance to this offer, please sign below and return this letter to me no later than November 25, 2015. This letter, along with the Confidentiality and Non-Competition & Solicitation Agreement and the company's Employee Handbook that you will receive at the start of your employment, sets forth the terms of your employment with Vestagen and supersedes any prior representations or agreements, whether written or oral. This letter may only be modified by a written agreement signed by you and the Chairman of Vestagen.

# VESTAGEN

We look forward to the opportunity of working with you and we are confident that your employment with Vestagen will be mutually beneficial.

Sincerely,

Dale Pfost
Executive Chairman and CEO
Vestagen Technical Textiles, Inc.


Accepted: _____        _____
          James Beyer                     Date

VESTAGEN

We look forward to the opportunity of working with you and we are confident that your experience with Vestagen and VESTEX will be beneficial.

[signature]

Dale R. Pfost
President, Chairman and CEO
Vestagen Technical Textiles, Inc.